Filed 7/16/15  P. v. Romero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KARINA MICHELLE ROMERO,<br><br>    Defendant and Appellant. | D067208<br><br><br><br>(Super. Ct. Nos. JCF32359, JCF33505) |

APPEAL from orders of the Superior Court of Imperial County, Poli Flores, Judge.  Reversed and remanded with directions.

Christian C. Buckley, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

BACKGROUND

On January 10, 2014, appellant pled guilty to a second degree burglary that occurred on January 5, 2014, in violation of Penal Code[1] section 459 (case No. JCF32359). That case involved merchandise valued at $639.99. Appellant was given a three year suspended sentence and placed on three years of formal probation. On September 3, 2014, appellant pled no contest to one count of second degree commercial burglary in case No. JFC33505, occurring on June 6, 2014. That case involved merchandise valued at $51.97.

On September 23, 2014, appellant admitted she violated the probation granted to her in case No. JCF32359. On October 21, 2014, she was sentenced to 16 months of county imprisonment in case No. JCF33505, and 365 days on case No. JCF32359. The sentences were ordered to run concurrently.

On November 19, 2014, appellant filed petitions for relief under section 1170.18 as to both cases. Appellant argued that if her offenses had been committed after passage of Proposition 47, they would qualify as misdemeanors.

On December 12, 2014, a combined hearing was held and the court denied both of appellant's petitions.

Appellant filed timely notices of appeal in both cases.

---

1    All further statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

As the parties note, this case arises from appellant's convictions in Imperial County, for second degree burglary under section 459 in that on two separate occasions appellant stole merchandise from a retail store, said merchandise valued under $950. Based on section 1170.18 and Proposition 47, appellant sought resentencing on both convictions. The request was denied, the trial court reasoning that section 459 does not fall within the benefits of Proposition 47.

Appellant's sole contention on this appeal is that the trial court erred because section 1170.18, subdivision (a) expressly states an inmate can be resentenced under section 459.5 and this allows appellant to be resentenced. The People concede this point and we agree.

Appellant's convictions for second degree burglary appear to qualify for resentencing under section 459.5. Both involved the taking of merchandise under $950. Pursuant to Proposition 47, they qualify generally for misdemeanor sentencing. A second inquiry however must be made, that is, whether any factor disqualifies appellant from misdemeanor treatment under section 1170.18, subdivision (a). The trial court erroneously concluded appellant did not qualify for resentencing, and did not reach the question of whether disqualifying factors in her history exist.

Because we do not know from this record whether appellant has any disqualifying prior convictions under section 459.5, subdivision (a), or whether it would be determined

3

she poses an unreasonable risk to public safety pursuant to section 1170.18, subdivisions (b) and (c), we remand this matter to the trial court.

DISPOSITION

The orders denying appellant's petitions are reversed. The matter is remanded and the trial court is directed to determine whether appellant is eligible for resentencing under section 1170.18, subdivisions (b), in case Nos. JCF32359 and JCF333505.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

4